FILED

**NOT FOR PUBLICATION**

OCT 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KAVITA KOMAL; et al.,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-70980<br><br>Agency Nos.    A070-059-038<br>                A070-059-039<br>                A070-059-040<br>                A071-787-248<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2014[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

In the 1990s, petitioners Kavita Komal ("Komal") and her husband (both ethnic Indian, Fijian citizens) claimed race-based persecution by native Fijians and filed for asylum. Since then, petitioners have steadfastly sought administrative and judicial review over their denied applications for asylum. Their first Immigration Judge ("IJ")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denied asylum, in part because the IJ made an adverse credibility determination from inconsistencies in petitioners' testimony surrounding the alleged rape of Komal by native Fijians and the injuries suffered by Komal's husband at the hands of those rapists. The BIA affirmed, and this court denied the petition for review. The BIA then granted petitioners' unopposed motion to reopen;[1] a second IJ denied asylum; the BIA affirmed; and this court denied a second petition for review.

On July 22, 2010, nearly three and a half years after the BIA's December 27, 2007 denial of petitioners' second appeal, Komal and her husband filed their second motion to reopen, arguing that recent discovery of ineffective assistance of counsel by two attorneys should equitably toll the time limit for what would ordinarily be an untimely motion. Petitioners also argued that changed circumstances in Fiji warranted the reopening of their case. The BIA denied the motion as untimely and held that petitioners could not demonstrate individualized risk of persecution based on changed circumstances. Now Komal and her husband seek review of the BIA's denial of their second motion to reopen. We review the BIA's decision for abuse of discretion. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2007) (citations omitted).

---

[1] C.F.R. § 1003.2(c)(2) states a party "may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."

The BIA did not abuse its discretion when it held that the second motion to reopen was untimely. Petitioners could have timely pursued their ineffective assistance of counsel claims with the attorneys who represented them subsequent to the allegedly ineffective counsel (and whom petitioners do not claim provided ineffective assistance of counsel). *See Avagyan v. Holder*, 646 F.3d 672, 680–81 (9th Cir. 2011). Even if the motion was timely, petitioners' claim lacks merit. Petitioners now admit that Komal was never raped, and claim that it was (in part) ineffective assistance of counsel by one of their attorneys to proffer that false testimony before the first IJ and the earlier appeals before the BIA and the Ninth Circuit. Due to petitioners' lack of credibility, they failed to show prejudice. *Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009).

The BIA also did not abuse its discretion when it held that petitioners' proffered evidence in support of the second motion to reopen did not establish individualized risk of persecution. Our review of the administrative record shows that the BIA did not act "arbitrarily, irrationally, or contrary to law." *Toufighi*, 538 F.3d at 992 (citation omitted).

The petition for review is DENIED.